# EXHIBIT A



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

06/30/2021

Caliburn International, LLC
Ashley Speth
Caliburn International
2265 Old Highway 95
Lenoir City TN 37771

# SERVICE OF PROCESS NOTICE

Item: 2021-9

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Caliburn International, LLC |
| 2. | **Title of Action:** | Nelson Goris, an individual on behalf of himself and others similarly situation, vs. Caliburn International, LLC; et al. |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location<br>Notice of Case Assignment Unlimited Civil Case |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 21STCV23929 |
| 7. | **Case Type:** | Failure to Pay Overtime Wages |
| 8. | **Method of Service:** | Email |
| 9. | **Date Received:** | Wednesday 06/30/2021 |
| 10. | **Date to Client:** | Wednesday 06/30/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Friday 07/30/2021 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Kye D. Pawlenko<br>South Pasadena, CA<br>626-808-4357 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Alternative Dispute Resolution (ADR) Information Package<br>* Voluntary Efficient Litigation Stipulations, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 29 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CALIBURN INTERNATIONAL, LLC; COMPREHENSIVE HEALTH SERVICES, LLC; and DOES 1 to 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NELSON GORIS, an individual on behalf of himself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **21STCV23929** |
|---|---|

Los Angeles County Superior Court - Spring Street Courthouse
312 N. Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hayes Pawlenko LLP / Kye D. Pawlenko / 1414 Fair Oaks Avenue, Unit 2B, South Pasadena CA 91030 / 626.808.4357

| DATE: **JUN 29 2021** *(Fecha)* | **Sherri R. Carter, Clerk** *(Secretario)* | Clerk, by **STEVEN DREW** | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Caliburn International, LLC

 under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
 ☒ other *(specify):* Corporation Code 17061 Limited Liability Company

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Hayes Pawlenko LLP, 1414 Fair Oaks Ave., 2B, South Pasadena, CA 91030
Kye D. Pawlenko (SBN 221475)

TELEPHONE NO.: 626.808.4357    FAX NO. *(Optional)*: 626.921.4932
ATTORNEY FOR *(Name)*: Plaintiff Nelson Goris

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Nelson Goris v. Caliburn International, LLC et al.

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21STCV23929** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

BY FAX

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Five - overtime, meal breaks, rest breaks, unfair competition, waiting time penalties
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 28, 2021

Kye D. Pawlenko
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

| SHORT TITLE: Goris v. Caliburn International, LLC et al. | CASE NUMBER **21ST CV23929** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

**BY FAX**

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/29/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV23929 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 06/29/2021 _____    By S. Drew _____ , Deputy Clerk
    (Date)

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span style="font-size:small">(INSERT DATE)</span>     <span style="font-size:small">(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date:

➢ _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____      ➢ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:     _____          _____
                                                                            JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

**MAY 1 1 2011**

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 29 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
KYE D. PAWLENKO (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Unit 2B
South Pasadena, CA 91030
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NELSON GORIS, an individual on behalf of himself and others similarly situated, | Case No.: **21 ST CV 23929** |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | CLASS ACTION COMPLAINT FOR: |
| CALIBURN INTERNATIONAL, LLC; COMPREHENSIVE HEALTH SERVICES, LLC; and DOES 1 to 10 inclusive, | 1. Failure to Pay Overtime Wages (Lab. Code § 510, Wage Order 4)<br>2. Failure to Provide Meal Periods (Lab. Code § 512)<br>3. Failure to Provide Rest Periods (Wage Order 4)<br>4. Unfair Business Practices (Bus. & Prof. Code § 17200, *et seq.*)<br>5. Waiting Time Penalties (Lab. Code § 203) |
| Defendants. | |
| | AND DEMAND FOR JURY TRIAL |

**BY FAX**

**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
KYE D. PAWLENKO (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Unit 2B
South Pasadena, CA 91030
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 29 2021

Sherri R. Carter, Executive Officer/Clerk of Court

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NELSON GORIS, an individual on behalf of himself and others similarly situated, | Case No.: **21 ST CV 23929** |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | CLASS ACTION COMPLAINT FOR: |
| CALIBURN INTERNATIONAL, LLC; COMPREHENSIVE HEALTH SERVICES, LLC; and DOES 1 to 10 inclusive, | 1. Failure to Pay Overtime Wages (Lab. Code § 510, Wage Order 4)<br>2. Failure to Provide Meal Periods (Lab. Code § 512)<br>3. Failure to Provide Rest Periods (Wage Order 4)<br>4. Unfair Business Practices (Bus. & Prof. Code § 17200, *et seq.*)<br>5. Waiting Time Penalties (Lab. Code § 203) |
| Defendants. | AND DEMAND FOR JURY TRIAL |

**BY FAX**

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiff **NELSON GORIS** ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action lawsuit against **CALIBURN INTERNATIONAL, LLC** ("Caliburn") and **COMPREHENSIVE HEALTH SERVICES, LLC** ("CHS") for (1) failing to include all remuneration in the regular rate of pay when calculating overtime wages, (2) failing to provide second meal periods on shifts of more than 10 hours, and (3) failing to authorize and permit rest periods for every 4 hours worked or major fraction thereof.

**PARTIES**

2.      Plaintiff is a Florida citizen.

3.      Caliburn is a Delaware limited liability company with its principal place of business in Reston, Virginia.

4.      CHS is a Delaware limited liability company with its principal place of business in Cape Canaveral, Florida.

5.      Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names.  Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

6.      Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

2

7.      Defendants Caliburn, CHS and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Defendants are government service providers that employ, directly or indirectly through staffing agencies, numerous non-exempt hourly employees at locations including Long Beach, California and Fresno, California.  Defendants exercise control over the wages, hours, and/or working conditions of such employees irrespective of whether they are employed directly or indirectly, and suffer or permit such employees to perform work for Defendants.

9.      One such location at which Defendants provide government services with non-exempt hourly employees is a migrant children intake center located at the Long Beach Convention Center in Long Beach, California.

10.      From approximately May to June 2021, Defendants employed Plaintiff through a temporary staffing agency to perform work at the Long Beach Convention Center migrant children intake center as a Youth Care Worker, a non-exempt hourly position.

11.      In addition to an hourly wage, Plaintiff and other non-exempt hourly employees were paid a cash-in-lieu-of-benefits payment for each non-overtime hour worked.  The cash-in-lieu-of-benefits payments were not included in Plaintiff's or the other non-exempt employees' regular rates of pay for purposes of calculating their overtime and/or double time wages.

12.      Plaintiff and other non-exempt employees worked 12-hour shifts 5 to 7 days per week.  Defendants' policy and practice was to provide one 30-minute meal period per shift, even when employees worked shifts longer than 10 hours.

13.      Defendants' policy and practice did not authorize or permit Plaintiff and other non-exempt hourly employees to take a 10-minute rest period for every 4 hours worked or major fraction thereof.

### CLASS ACTION ALLEGATIONS

14.      Plaintiff brings claims on behalf of himself and all others similarly situated pursuant to California Code of Civil Procedure section 382.  Plaintiff seeks to represent classes composed

of the following:

    a) <u>Overtime Class</u>

    All non-exempt hourly employees employed by Defendants, directly or indirectly, at any location in California, other than on a federal enclave, during a period that commences 4 years prior to the filing of this Complaint through the date of class certification who worked overtime and/or double time and received 1 or more cash-in-lieu-of-benefits payments.

    b) <u>Meal Period Class</u>

    All non-exempt hourly employees employed by Defendants, directly or indirectly, at any location in California, other than on a federal enclave, during a period that commences 4 years prior to the filing of this Complaint through the date of class certification who worked 1 or more shifts longer than 10 hours.

    c) <u>Rest Period Class</u>

    All non-exempt hourly employees employed by Defendants, directly or indirectly, at any location in California, other than on a federal enclave, during a period that commences 4 years prior to the filing of this Complaint through the date of class certification who worked 1 or more shifts longer than 3 ½ hours.

    15.    Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

    16.    This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable from Defendants' own records.

**A. Numerosity**

    17.    The potential members of the classes as defined are so numerous that joinder of all the members of the classes is impracticable.  While the precise number of members of the classes has not been determined at this time, Plaintiff is informed and believes that the classes contain in excess of 100 individuals.

**B.  Commonality**

18.     There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members.  These common questions include, without limitation, whether Defendants unlawfully excluded cash-in-lieu-of-benefits payments from class members' regular rates of pay, whether Defendants unlawfully failed to provide a second 30-minute meal period when class members worked more than 10 hours, and whether Defendants unlawfully failed to authorize and permit class members to take a 10-minute rest period for every 4 hours worked or major fraction thereof.

**C.      Typicality**

19.     The class claims of the proposed class representative are typical of the claims of each class member.  As with other members of the classes, Defendants failed to include the cash-in-lieu-of-benefits payments in Plaintiff's regular rate of pay, failed to provide Plaintiff a second 30-minute meal period when he worked more than 10 hours, and failed to authorize and permit Plaintiff to take a 10-minute rest period for every 4 hours worked or major fraction thereof.

**D.      Adequacy of Representation**

20.     Plaintiff will fairly and adequately represent and protect the interests of the members of the classes.  Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

**E.      Superiority of Class Action**

21.     A class action is superior to other available means for the fair and efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes.  Each member of the classes has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

22.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

### (LABOR CODE § 510, Wage Order 4)

23.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24.     Labor Code section 510 and Wage Order 4 require an employer to pay premium overtime pay at 1.5 times the employee's regular rate of pay for all work in excess of 8 hours per day and 40 hours per week.

25.     Labor Code section 510 and Wage Order 4 further require an employer to pay premium double time pay at 2 times the employee's regular rate of pay for all work in excess of 12 hours per day.

26.     Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay required to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

27.     As a result of Defendants' failure to include the cash-in-lieu-of-benefits payments in the regular rate of pay for purposes of calculating overtime and/or double time pay, Plaintiff and other members of the Overtime Class were not paid the correct premium overtime and/or double time rates for all overtime and/or double time hours worked.

28.     Plaintiff seeks to recover, on behalf of himself and other members of the Overtime Class, payment of the overtime and/or double time wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PROVIDE MEAL PERIODS

### (LABOR CODE § 512)

29.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6

30.     Labor Code section 512 provides that an employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

31.     Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with a state law, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

32.     Throughout the class period for the Meal Period Class, Plaintiff and other Meal Period Class members regularly worked more than 10 hours per day.

33.      In violation of Labor Code section 512, on such days Defendants failed to provide Plaintiff and other Meal Period Class members a second 30-minute meal period.

34.     Pursuant to Labor Code section 226.7, Plaintiff seeks to recover, on behalf of himself and other Meal Period Class members, one additional hour of pay at the employee's regular rate of compensation for each workday that the second meal period was not provided in accordance with Labor Code section 512.

### THIRD CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PROVIDE REST PERIODS

### (WAGE ORDER 4)

35.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     Wage Order 4 requires every employer to authorize and permit employees to take rest periods based on the total hours worked daily at the rate of 10 minutes net rest time per 4 hours worked or major fraction thereof, unless the total daily work time is less than 3 ½ hours.

37.     Labor Code section 226.7 provides that if an employer fails to provide an employee a rest period in accordance with a state law, the employer shall pay the employee one additional

hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

38.     Throughout the class period for the Rest Period Class, Plaintiff and other Rest Period Class members regularly worked more than 3 ½ hours per day.

39.     In violation of Wage Order 4, on such days Defendants failed to authorize and permit Plaintiff and other Rest Period Class members to take rest periods at the rate of 10 minutes net rest time per 4 hours worked or major fraction thereof.

40.     Pursuant to Labor Code section 226.7, Plaintiff seeks to recover, on behalf of himself and other Rest Period Class members, one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided in accordance with Wage Order 4.

### FOURTH CAUSE OF ACTION

### CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

### (BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)

41.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

43.     Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and the members of the classes are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

/ / /

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

8

### FIFTH CAUSE OF ACTION

### CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE § 203)

44.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45.     Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

46.     Plaintiff and other members of the classes who no longer work for Defendants were not timely paid all wages owing at the time their employment ended.

47.     Defendants' failure to pay Plaintiff and other formerly employed class members all wages owing, as alleged above, was willful as Defendants intentionally failed to include cash-in-lieu-of-benefits payments in their regular rates of pay when calculating their overtime wages.

48.     Plaintiff seeks to recover, on behalf of himself and all other class members who were employed by Defendants within the last 3 years, waiting time penalties pursuant to Labor Code section 203 in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1.   That this case be certified as a class action;

2.   That Plaintiff be appointed as the representative of the classes; and

3.   That counsel for Plaintiff be appointed as counsel for the classes.

### First Cause of Action

4.     That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other members of the Overtime Class the correct overtime and/or double time rates for all overtime and/or double time hours worked;

5.     For unpaid overtime and/or double time wages owing and such general and special damages as may be appropriate;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

9

6.      For pre-judgment interest on any unpaid overtime and/or double time wages owing commencing from the date such amounts were due;

7.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8.      For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

9.      That the Court declare, adjudge and decree that Defendants violated Labor Code section 512 by failing to provide Plaintiff and other members of the Meal Period Class a second 30-minute meal period when they worked more than 10 hours per day;

10.     For one additional hour of pay at the employee's regular rate of compensation for each workday that the second meal period was not provided in accordance with Labor Code section 512 pursuant to Labor Code section 226.7; and

11.     For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

12.     That the Court declare, adjudge and decree that Defendants violated Wage Order 4 by failing to authorize and permit Plaintiff and other members of the Rest Period Class to take rest periods at the rate of 10 minutes net rest time per 4 hours worked or major fraction thereof;

13.     For one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided in accordance with Wage Order 4 pursuant to Labor Code section 226.7; and

14.     For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

15.     That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, *et. seq.*;

16.     For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during a period that commences 4 years prior to the filing of this Complaint;

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

17.     Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

18.     For such other and further relief as the Court may deem equitable and appropriate.

**Fifth Cause of Action**

19.     That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201 and 202 by failing to timely pay all wages owing to Plaintiff and other class members employed by Defendants within the last 3 years;

20.     For statutory waiting time penalties pursuant to Labor Code section 203; and

21.     For such other and further relief as the Court may deem equitable and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  June 28, 2021                              **HAYES PAWLENKO LLP**


By:  _____
                 Kye D. Pawlenko
                 Attorneys for Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

11