UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GORIS and MELISSA VAZ, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBURN INTERNATIONAL, LLC; COMPREHENSIVE HEALTH SERVICES, LLC; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. CV 21-6178-GW-Ex<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      August 18, 2022<br>Time:     8:30 a.m.<br>Location: Courtroom 9D |

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1

On July 21, 2022, Plaintiffs Nelson Goris and Melissa Vaz (together "Plaintiffs"), on behalf of themselves and those similarly situated, moved the Court for an order granting final approval of the Stipulation of Settlement and Release of Class Action and PAGA Claims ("Settlement") with Defendants Caliburn International, LLC and Comprehensive Health Services, LLC (together "Defendants"). Having carefully considered the motion, its supporting papers, and the arguments of counsel, the Court **GRANTS** the motion. Accordingly, the Court **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Court grants final approval of the Settlement and finds that it is fair, reasonable, and adequate, that it is the best interests of the Settlement Class Members and that it satisfies the standards for final approval of a class action settlement under federal law. The plan for distribution of the Gross Settlement Amount to Settlement Class Members set forth in the Settlement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court orders the parties shall consummate the settlement in accordance with the terms of the Settlement.

2. The Court finally certifies the following Class for purposes of the Settlement only (referred to herein as the "Settlement Class"):

   all non-exempt hourly employees who were employed by Defendants, directly or indirectly through a Staffing Agency[1], at any location in the State of California, other than a federal enclave, at any time during the Class Period and, who, prior to the date of final approval of the Settlement by this Court (or the Effective Date of the Settlement as defined therein), have not executed

---

[1] "Staffing Agencies" is defined in the Settlement as "the staffing agencies who directly employed any Settlement Class Member [(as defined below)] or Aggrieved Employee [(as defined below)], including ABS Staffing Solutions, LLC, ACI Federal, Inc., Essential Heathcare Solutions, LLC, HealthCare Support Staffing, Inc., IS Solutions LLC, Quest Healthcare Solutions, LLC, TinkBird Healthcare Staffing, LLC, VeloSource, LLC and Vighter LLC."

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

2

a settlement and release agreement with Defendants resolving their claims in this action. The class shall not include Rebecca Flores and Maria Garcia, who timely opted-out of the Settlement.

3. The Court finds that the notice of the Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Settlement (i) constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise class members of the pendency of this litigation and all material terms of the Settlement, their right to object to the Settlement, and their right to appear at the final fairness hearing; (iii) constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law. The Court has therefore determined that all members of the Settlement Class have been given proper and adequate notice of the Settlement.

4. Plaintiffs and each Settlement Class Member[2] (along with all persons purported to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their spouses, dependents, attorneys, heirs and assigns, beneficiaries, devisees, legatees, executors, estate, administrators, transferees, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, collective, representative, legal equitable, direct or indirect, or any other type or any other capacity) (the "Releasing Class Parties") shall, effective upon entry of this Order and Judgment, fully release and discharge Defendants, the Staffing Agencies and their past, present and future parent companies, subsidiaries, predecessors, successors, affiliates, divisions, joint employers,

---

[2] "Settlement Class Member" is defined in the Settlement as "any person who is included in the Settlement Class who has not properly and timely opted out of the Settlement."

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

3

co-employers and related companies, as well as their respective current, former and future officers, directors, members, managing members, directors, agents, trustees, shareholders, assigns, beneficiaries, representatives, employees, managers, accountants, owners, investors, partners, insurers, and attorneys, and each of them, both in their individual and representative capacities (collectively "Released Parties") to the maximum extent permitted by law, from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees and costs, experts' fees and costs, damages, actions and causes of action of every nature and description, whether known or unknown, actual or potential, contained in or reasonably arising out of the same set of operative facts in the Complaint filed in this action on June 29, 2021 (the "Complaint"), the First Amended Complaint filed in this action on February 28, 2021 (the "Amended Complaint"), the letter dated September 7, 2021 that Plaintiff Goris sent to the LWDA notifying it of his intent to bring a claim against Defendants for civil penalties under PAGA on behalf of himself and all other aggrieved employees, or the amended letter dated December 23, 2021 that Plaintiffs Goris and Vaz sent to the LWDA providing additional details regarding their claims and notifying the LWDA of their intent to amend the complaint in this action, or that could have been alleged based on any matter or fact set forth therein, including, without limitation, claims for unpaid, miscalculated or untimely payment of wages (including, without limitation, regular wages, minimum wage, prevailing wages, overtime and double-time), off-the-clock work, miscalculated or untimely payment of wages, inaccurate or legally non-compliant wage statements, untimely payment of wages during employment and upon termination thereof, failure to provide legally-compliant meal periods, failure to authorize and permit legally-compliant rest periods, failure

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

to provide suitable seating, failure to keep adequate records, pre- and post-judgment interest, compensatory and statutory compensation, general damages, disgorgement, declaratory relief, statutory damages, accounting of all minimum wages and sums allegedly unlawfully withheld as a result thereof, injunctive relief, restitution, statutory or civil penalties, interest and/or attorneys' fees as a result thereof, including, but not limited to, those arising under California Labor Code sections 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.11, 1194, 1194.2, 1197, 1197.1, 1199, and the applicable IWC Wage Order, as well as Labor Code section 2698, *et seq.*, California Business & Professions Code section 17200 *et seq.*, and California Civil Code section 1021 (collectively "Released Class Claims").  This release releases the Staffing Agencies from liability, if any, with respect to the Settlement Class Members' Released Class Claims.

5. Each Aggrieved Employee[3] (including Plaintiffs) and the LWDA (along with all persons purported to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their spouses, dependents, attorneys, heirs and assigns, beneficiaries, devisees, legatees, executors, estate, administrators, transferees, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, collective, representative, legal equitable, direct or indirect, or any other type or any other capacity) (the "Releasing Aggrieved Employee Parties") shall, effective upon entry of this Order and Judgment, fully release and discharge the Released Parties to the maximum extent permitted by applicable law, from seeking civil penalties under California Labor Code

---

[3] "Aggrieved Employees" is defined in the Settlement as "all non-exempt hourly employees who were employed by Defendants, directly or indirectly through a Staffing Agency, at any location in the State of California, other than a federal enclave, at any time during the PAGA Period."

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Section 2698 *et seq.*, with respect to any and all claims contained in or reasonably arising out of the same set of operative facts in the Complaint, Amended Complaint, PAGA letter dated September 7, 2021 or Amended PAGA letter dated December 23, 2021, or that could have been alleged based on any matter or fact set forth therein, including, without limitation, claims predicated on the failure to pay wages (including, without limitation, regular wages, minimum wage, prevailing wages, overtime and double-time wages), off-the-clock work, miscalculated or untimely payment of wages, inaccurate or legally non-compliant wage statements, untimely payment of wages during employment and upon termination thereof, failure to provide legally-compliant meal periods, failure to authorize and permit legally-compliant rest periods, failure to provide suitable seating, failure to keep adequate records, interest and/or attorneys' fees as a result thereof, including, but not limited to, those arising under California Labor Code sections 201, 201.3, 202, 203, 204, 210, 218.5, 218.6, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1199, 1182.11 and the applicable IWC Wage Order during the PAGA Period (collective "Released PAGA Claims"). This release releases the Staffing Agencies from liability, if any, with respect to the Aggrieved Employees' Released PAGA Claims. The "Released Class Claims" and "Released PAGA Claims" are jointly referred to as the "Released Claims." The "Releasing Class Parties" and "Releasing Aggrieved Employee Parties" are jointly referred to as the "Releasing Parties."

6. The Court has received an objection from Opt-Outs, Flores and Garcia (*see supra* ¶ 2), regarding the settlement of the PAGA claims as against Staffing Agencies—Quest Group Consulting LLC and Quest Group Search, LLC (jointly, "Quest") and Healthcare Support Staffing, Inc. ("HIS"). *See* Dkt. No. 32. The Court DENIES and OVERRULES the objection. As a PAGA claim

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

6

is brought "as a proxy for the state," *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435–36 (9th Cir. 2015), the employee-plaintiff "may obtain civil penalties for violations committed against absent employees . . . just as the state could if it brought an enforcement action directly." And given these and other differences between a PAGA action and a class action under Rule 23, "PAGA aggrieved employees have no ability to exclude themselves or object to the Settlement." *Harvey v. Morgan Stanley Smith Barney LLC*, 2020 WL 1031801, at *11 (N.D. Cal. Mar. 3, 2020). A recent decision of the California Court of Appeal applied these principles to reject the same argument Garcia and Flores raise here. *See Jauregui v. LPF RE Manager LLC,* 2022 WL 1485530 (Cal. Ct. App. May 11, 2022) (unpublished). *Jauregui* stands for the proposition that an aggrieved employee who brings a PAGA claim against her employer may settle and resolve claims related to workers directly hired by her employer as well as those who were staffed by a non-party contractor—regardless of whether plaintiff was a direct hire or hired through the contractor. *Id*.

7. Moreover, as explained in *Harvey*, California affords parties a wide latitude in settling PAGA claims—even those not actually asserted in the action or those where administrative remedies have not been exhausted. *See id.* at 16 & n.7. More broadly, the California Supreme Court has held that an aggrieved employee is permitted to "seek *any* penalties the state can, including penalties for violations involving employees other than the PAGA litigant herself." *ZB, N.A. v. Superior Court,* 8 Cal.5th 175, 185 (2019) (emphasis added). Here, in light of the common set of material facts and the allegations of a joint employer relationship, the Court finds the objection without merit. Plaintiffs' notice letter to the LWDA noted that Defendants relied on staffing agencies, and Plaintiffs' notice of the proposed settlement conveyed the parties'

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

7

intention to settle and release all PAGA claims with respect to Defendants and Staffing Agencies arising out of the common facts. LWDA has not expressed any objection, thus the Court construes the absence of a response or objection as consent. *See Echavez v. Abercrombie & Fitch Co.,* 2017 WL 3669607, at *3 (C.D. Cal. 2017); *Negrete v. Conagra Foods, Inc.*, 2021 WL 4202519, at *7 n.9.

8. Plaintiffs and all Settlement Class Members and Aggrieved Employees, and anyone acting on their behalf (including, but not limited to, attorneys, representatives, and agents of Plaintiffs or any Settlement Class Member or Aggrieved Employee), are permanently and forever barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Party that asserts any claims that are Released Claims under the terms of the Settlement.

9. Any Person who violates such injunction shall pay the costs and attorneys' fees incurred by any Released Party as a result of the violation.

10. Due and adequate notice of the proceedings having been provided to the members of the Settlement Class, and having offered them a full opportunity to participate in the final fairness hearing, it is hereby determined that the Settlement Class Members are bound by this Final Approval Order and Judgment of Dismissal entered herein, including, without limitation, with respect to the Released Claims.

11. The Court approves attorneys' fees for class counsel, attorneys of record for Plaintiffs, Kye D. Pawlenko and Matthew D. Hayes of Pawlenko LLP, in the amount of $140,000 and reimbursement of litigation expenses in the amount

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

8

of $10,122.83, which shall be paid in accordance with the terms of the Settlement.

12. The Court approves a class representative service award to Plaintiffs in the aggregate amount of $5,000 to be split equally between Plaintiffs, which shall be paid in accordance with the terms of the Settlement.

13. The Court approves settlement administration fees and expenses to the Settlement Administrator, CPT Group, Inc., in the amount of $10,500, which shall be paid in accordance with the terms of the Settlement.

14. In compliance with the requirements of 28 U.S.C. § 1715(d), Defendants provided notice of the Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act no later than March 11, 2022. As further required under 28 U.S.C. § 1715(d), more than ninety days have elapsed since Defendants provided such notice and no state or federal official has raised or served written objection or concern regarding the Settlement or appeared at the final fairness hearing to object to the Settlement.

15. In compliance with the requirements of California Labor Code § 2699(1)(2), counsel for Plaintiffs provided notice to the LWDA of the Settlement on March 2, 2022. Plaintiff's counsel received no objections from the LWDA regarding the Settlement.

16. The Final Approval Order and Judgment of Dismissal and the Settlement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this action or in any other proceedings.

17. Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement.

/ / /

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

18. Without affecting the finality of this Order, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all Settlement Class Members and Aggrieved Employees and Defendants, for purposes of enforcing the terms and conditions of the Settlement.

19. The Court enters final judgment in this action and dismisses this action with prejudice and without prevailing-party costs.

**IT IS SO ORDERED.**

DATED: August 18, 2022

_____
HON. GEORGE H. WU
United States District Judge

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT